UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

JOSEPH TEDESCO, PHOENIX CAPITAL
WORLDWIDE II, L.P., AND PHOENIX                    08 CV 5001 (PKC)
CAPITAL WORLDWIDE MANAGEMENT II, LLC,

        Plaintiff,

    -against-                                        **ANSWER**
                                                              **AND**
                                              **COUNTERCLAIMS**

JASON JOHN KONIOR, PHOENIX
CAPITAL WORLDWIDE, LP AND
PHOENIX CAPITAL WORLDWIDE
MANAGEMENT, LLC,

        Defendants.

-------------------------------------------------------------------x

**NOW COMES THE DEFENDANTS JASON JOHN KONIOR, PHOENIX CAPITAL WORLWIDE, LP AND PHOENIX CAPITAL WORLDWIDE MANAGEMENT, LLC, by and through their undersigned counsel, Michael Utilla, Esq., 26 Court Street, Suite 2810, Brooklyn, New York 11242, stating as their Answer the following:**

   1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 1 of the Complaint and deny the averments in the second sentence of Paragraph 1 of the Complaint.

   2.    Defendants deny the averments in Paragraph 2 of the Complaint.

   3.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint.

   4.    Defendants admit the averments in Paragraph 4 of the Complaint.

   5.    Defendants admit the averments in Paragraph 5 of the Complaint.

   6.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint.

7. Defendants admit the averments in Paragraph 7 of the Complaint.

8. Defendants admit the averments in Paragraph 8 of the Complaint.

9. Defendants deny the averments with respect to his address and admit the remainder of Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint.

15. Defendants admit the averments in Paragraph 15 of the Complaint.

16. Defendants deny the averments in Paragraph 16 of the Complaint

17. Defendants deny the averments in Paragraph 17 of the Complaint except admit that Konior and Tedesco discussed the stock market.

18. Defendants deny the averments in Paragraph 18 of the Complaint, except admit that Konior's broker's license was suspended.

19. Defendants deny the averments in Paragraph 19 of the Complaint, except admit Konior formed the Fund.

20. Defendants deny the averments in Paragraph 20 of the Complaint.

21. Defendants deny the averments in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to as to the truth of the averments in Paragraph 22 of the Complaint.

23. Defendants deny the averments in Paragraph 23 of the Complaint.

24. Defendants deny the averments in Paragraph 24 of the Complaint, except admit that Konior and Tedesco would work together in connection with a hedge fund limited partnership.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 of the Complaint.

26. Defendants deny the averments in Paragraph 26 of the Complaint.

27. Defendants deny the averments in Paragraph 27 of the Complaint.

28. Defendants deny the averments in Paragraph 28 of the Complaint.

29. Defendants admit the averments in Paragraph 29 of the Complaint except deny that this was done to in order to "facilitate his sales efforts".

30. Defendants deny the averments in Paragraph 30 of the Complaint.

31. Defendants admit the averments in Paragraph 31 of the Complaint.

32. Defendants deny the averments in Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of the Complaint.

34. Defendants deny the averments in Paragraph 34 of the Complaint.

35. Defendants admit the averments in Paragraph 35 of the Complaint.

36. Defendants deny the averments in Paragraph 36 of the Complaint.

37. Defendants deny the averments in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint.

40. Defendants deny the averments in Paragraph 40 of the Complaint.

41. Defendants admit the Parties negotiated and entered into an Agreement but deny the remaining averments in Paragraph 41 of the Complaint.

42. Defendants deny the averments in Paragraph 42 of the Complaint.

43. Defendants admit that Tedesco signed the Agreement but deny the remaining averments in Paragraph 43 of the Complaint.

44. Defendants deny the averments in the first two sentences of Paragraph 44 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the averments in the last sentence of Paragraph 44 of the Complaint.

45. Defendants deny the averments in Paragraph 45 of the Complaint.

46. Defendants deny the averments in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to as to the truth of the averments in Paragraph 47 of the Complaint, except admit that an investor sent a letter.

48. Defendants deny the averments in Paragraph 48 of the Complaint, except admit that an investor sent a letter.

49. Defendants deny the averments in Paragraph 49 of the Complaint, except admit that an investor sent a letter.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint, except admit that a letter was sent.

52. Defendants deny the averments in Paragraph 52 of the Complaint, except admit that a letter was sent.

53. Defendants deny the averments in Paragraph 53 of the Complaint.

54. Defendants deny the averments in Paragraph 54 of the Complaint.

55. Defendants deny the averments in Paragraph 55 of the Complaint.

56. Defendants deny the averments in Paragraph 56 of the Complaint, except admit Konior rented space.

57. Defendants deny the averments in Paragraph 57 of the Complaint.

58. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 57 of the Complaint as if fully set forth in this paragraph.

59. Paragraph 59 of the Complaint purports to set forth "pertinent" language of a statute, which statute speaks for itself.

60. Defendants deny the averments in Paragraph 60 of the Complaint.

61. Defendants deny the averments in Paragraph 61 of the Complaint.

62. Defendants deny the averments in Paragraph 62 of the Complaint.

63. Defendants deny the averments in Paragraph 63 of the Complaint.

64. Defendants deny the averments in Paragraph 64 of the Complaint.

65. Defendants deny the averments in Paragraph 65 of the Complaint.

66. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 65 of the Complaint as if fully set forth in this paragraph.

67. Paragraph 67 of the Complaint purports to describe the purposes of a statute, which statute speaks for itself.

68. Defendants deny the truth of the averments in Paragraph 68 of the Complaint.

69. Defendants deny the averments in Paragraph 69 of the Complaint.

70. Defendants deny the averments in Paragraph 70 of the Complaint.

71. Defendants deny the averments in Paragraph 71 of the Complaint.

72. Defendants deny the averments in Paragraph 72 of the Complaint.

73. Defendants deny the averments in Paragraph 73 of the Complaint.

74. Defendants deny the averments in Paragraph 74 of the Complaint.

75. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 74 of the Complaint as if fully set forth in this paragraph.

76. Paragraph 76 of the Complaint purports to describe certain common law principles and does not set forth any allegations or averments of fact and thus no response is required.

77. Defendants deny the averments in Paragraph 77 of the Complaint.

78. Defendants deny the averments in Paragraph 78 of the Complaint.

79. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 78 of the Complaint as if fully set forth in this paragraph.

80. Defendants admit the averments in Paragraph 80 of the Complaint.

81. Defendants deny the averments in Paragraph 81 of the Complaint.

82. Defendants deny the averments in Paragraph 82 of the Complaint.

83. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 82 of the Complaint as if fully set forth in this paragraph.

84. Paragraph 84 of the Complaint purports to describe certain common law principles and does not set forth any allegations or averments of fact and thus no response is required.

85. Defendants deny the averments in Paragraph 85 of the Complaint.

86. Defendants deny the averments in Paragraph 86 of the Complaint.

87. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 86 of the Complaint as if fully set forth in this paragraph.

88. Paragraph 88 of the Complaint sets forth a demand and does not set forth any allegations or averments of fact and thus no response is required.

89. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89 of the Complaint.

90. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 89 of the Complaint as if fully set forth in this paragraph.

91. Defendants deny the averments in Paragraph 91 of the Complaint.

92. Defendants deny the averments in Paragraph 92 of the Complaint.

93. Defendants deny the averments in Paragraph 93 of the Complaint.

94. Defendants deny the averments in Paragraph 94 of the Complaint.

95. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 94 of the Complaint as if fully set forth in this paragraph.

96. Paragraph 96 of the Complaint purports to set forth certain language of a statute, which statute speaks for itself.

97. Defendants deny the averments in Paragraph 97 of the Complaint.

98. Defendants deny the averments in Paragraph 98 of the Complaint.

99. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 99 of the Complaint as if fully set forth in this paragraph.

100. Defendants deny the averments in Paragraph 100 of the Complaint.

101. Defendants deny the averments in Paragraph 101 of the Complaint.

102. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 101 of the Complaint as if fully set forth in this paragraph.

103. Paragraph 103 of the Complaint purports to describe certain common law principles and does not set forth any allegations or averments of fact and thus no response is required.

104. Defendants deny the averments in Paragraph 104 of the Complaint.

105. Defendants deny the averments in Paragraph 105 of the Complaint.

106. Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 thorough 105 of the Complaint as if fully set forth in this paragraph.

107. Paragraph 107 of the Complaint purports to describe certain common law principles and does not set forth any allegations or averments of fact and thus no response is required.

108. Defendants deny the averments in Paragraph 108 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint fails to plead fraud with particularity, in violation of Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

3. By entering into a business arrangement with defendants, Plaintiffs assumed the risks of such arrangement.

### FOURTH AFFIRMATIVE DEFENSE

4. If Plaintiffs suffered any monetary damages or losses, such damages or losses were caused or contributed to by persons, conditions, or events other than Defendants.

### FIFTH AFFIRMATIVE DEFENSE

5. The claims are barred by the doctrines of estoppel, waiver and ratification.

### SIXTH AFFIRMATIVE DEFENSE

6. The claims are barred by the doctrine of *in pari delicto* (or unclean hands).

### SEVENTH AFFIRMATIVE DEFENSE

7. The alleged losses of the Plaintiffs were proximately caused by their own negligence, recklessness, contributory negligence, failures and breaches in relation to the transactions complained of, and, therefore, Plaintiffs are precluded from any recovery.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs failed to mitigate their alleged damages.

**WHEREFORE, the relief sought in the Complaint must be denied in its entirety, and Defendants should be awarded the costs, fees and expenses of this litigation together with such other and further relief as the Court deems just and equitable.**

## COUNTERCLAIMS

### AS AND FOR A FIRST COUNTERCLAIM

### (Breach of Contract; Against Tedesco)

1. In a writing dated November 13, 2007, Plaintiff Tedesco subscribed his name to an Agreement, which contained the following:

> "Jason Konior as General Partner will receive 60% of income to PCWM IJ. L.L.C., related to the investment of Limited Partners he introduces to The Partnership. The income will be less of expenses and/or expenditures proportionately to income percentage. Jason Konior will be paid up to an additional 15% of income to PCWM II, L.L.C. equivalent to how stated above...
>
> I Joseph Tedesco as Chief Executive Officer of PCWM II, L.L.C. (Phoenix Capital Worldwide Management II, LLC) and as General Partner of The Partnership (Phoenix Capital Worldwide II, LP), agree to pay to Jason Konior according to the Agreement above".

2. Plaintiff Tedesco has breached the aforementioned Agreement by failing to remit any monies to Defendant Konior or otherwise account to Defendant Konior since the execution date of the Agreement and continuing to the present.

3. By reason of the foregoing, Defendant Konior is entitled to an award in an amount to be determined at trial, which Defendant Konior reasonably believes to exceed the sum of $250,000, together with attorney's fees, costs and interest.

### AS AND FOR A SECOND COUNTERCLAIM

### (Conversion; Against All Plaintiffs)

4. The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

5. The Plaintiffs, to benefit themselves, and without authority or permission, have taken possession of proprietary client lists as well as certain documents and accounts belonging to Defendant Konior to Defendant Konior's harm and to the harm of the general partner and managing member of Defendants Phoenix Capital Worldwide LP and Phoenix Capital Worldwide Management LLC respectively.

6. The Plaintiffs have similarly taken possession, to benefit themselves, and without authority or permission, of Defendant Konior's personal AT&T telephone number through the fraudulent impersonation of Konior by Plaintiff Tedesco, and have utilized said number to Defendant Konior's harm and to the harm of the general partner and

9

managing member Defendants Phoenix Capital Worldwide LP and Phoenix Capital Worldwide Management LLC respectively.

7.  The fraudulent impersonation of Konior by Tedesco was in such contumacious and egregious disregard of Tedesco's civil obligations as to offend the community.

8.  Accordingly, Defendant Konior is entitled to recover compensatory damages in an amount to be determined at trial but which Defendant Konior reasonably believes to exceed the sum of $1,000,000.00 (one million dollars), together with exemplary damages, attorney's fees, costs and interest.

## AS AND FOR A THIRD COUNTERCLAIM

### (Violations of 15 U.S.C. §1125(a); Against All Plaintiffs)

9.  The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 8 above as if fully set forth herein.

10. 15 U.S.C. § 1125, "False designations of origin, false descriptions, and dilution forbidden," provides, in pertinent part:

> (a)   Civil action.
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> (A)   is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin~ sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B)   in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

11. Defendant Konior formed Defendants Phoenix Capital Worldwide LP and Phoenix Capital Worldwide Management LLC on 22 June 2006 with the New York State Division of Corporations and proceeded to utilize the tradename "Phoenix Capital Worldwide" in the relevant market and had done so prior to the Plaintiffs use of the near identical trade name (Phoenix Capital Worldwide II, LP and Phoenix Capital Worldwide Management II) which commenced at the time of their respective formation on 21

August 2006.

12. As such, Defendants are the senior users of the tradename "Phoenix Capital Worldwide" by two (2) full months in connection with financial advisory and investment services.

13. Plaintiffs have made and continue to make various material false claims and misleading representations of fact, regarding their financial and investment related services within interstate commerce which are likely to cause confusion, or to cause mistake, or to deceive as to their affiliation, connection, or association with the Defendants.

14. Defendants have made and continue to make these false claims to a significant number of clients throughout the country in order to induce such persons – most of whom have a previously financial relationship with Defendant Konior - to invest with the Plaintiffs rather than with Defendants or to move their investments from Defendants to the Plaintiffs.

15. By reason of the foregoing, the Defendants are entitled to an award of an amount to be determined at trial, but which amount the Defendants have reason to believe exceeds the sum of $1,000,000.00 (one million dollars).

## AS AND FOR A FOURTH COUNTERCLAIM

### (Violations of GBL §~ 349-350; Against All Defendants)

16. The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

18. Plaintiffs misrepresentations of material fact and omissions of material fact have been and continue to be egregious in that they have had and continue to have an effect on the investment decisions of certain consumers to their detriment.

19. Plaintiffs material misrepresentations of fact and omissions of material fact including, without limitation, those regarding TNT, Standard & Poor's and FINVEST, have been made and continue to be made with knowledge of the representations' deceptive character and Plaintiff's intent to deceive current and prospective investors.

20. Plaintiffs have falsified wiring instructions and misappropriated funds earmarked for Defendants.

21.     The falsity of Plaintiffs representations has caused and continues to cause injury to consumers and Defendants.

22.     Plaintiffs acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

23.     Plaintiffs deceptive acts and practices have had and continue to have a harmful impact on consumers at large.

24.     Plaintiffs deceptive acts and practices have caused and continue to cause irreparable injury to consumers in New York State.

25.     By reason of the foregoing, the Defendants are entitled to an award of an amount to be determined at trial, but which amount the Defendants have reason to believe exceeds the sum of $1,000,000.00 (one million dollars).

## AS AND FOR A FIFTH COUNTERCLAIM

### (Breaches of Fiduciary Duties; Against Tedesco)

26.     The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     Tedesco owed Konior a duty of fair dealing and was prohibited from acting in any manner inconsistent with the best interests of their partnership. Tedesco was obligated to exercise good faith and loyalty in performing his responsibilities in connection with the affairs of the partnership.

28.     In misappropriating Defendant Konior's proprietary client contacts for his sole benefit as well as in providing preferential treatment in the divesture of his mother's assets from Phoenix Capital Worldwide II LP, Plaintiff Tedesco has breached his fiduciary duties to Defendant Konior and is liable to pay the Plaintiff damages in an amount to be determined at trial.

29.     By reason of the foregoing, Defendant Konior is entitled to an award of an amount to be determined at trial but which amount the Defendants have reason to believe exceeds the sum of $1,000,000.00 (one million dollars).

## AS AND FOR A SIXTH COUNTERCLAIM

### (Accounting; Against All Plaintiffs)

30.     The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.     By reason of the foregoing, the Defendants demand an independent accounting by a certified public accountant of the books, records, invoices, and each and every transaction undertaken by the Plaintiffs during the period covered by this Answer and Counterclaims.

32.     The Defendants otherwise have no adequate remedy at law.

### AS AND FOR A SEVENTH COUNTERCLAIM

### (Fraud; Against All Plaintiffs)

33.     The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.     At relevant times, Plaintiff Tedesco purported to serve as partner to Defendant Konior as well as the limited partners in Phoenix Capital Worldwide II, LP.

35.     Plaintiff Tedesco, on his own and on behalf of Plaintiffs, undertook clandestine activities aimed at depriving Defendant Konior of his rights. This included, without limitation, Plaintiffs diversion and editing of outbound emails generated by Defendants as well as the misappropriation of inbound emails tendered to Defendants by third party investors.

36.     In undertaking the foregoing activities and sheltering their true purpose and meaning from the Defendants, the Plaintiffs acted with the specific intention of advancing their interests over those of the Defendants and to the Defendants detriment.

37.     By reason of the Plaintiffs deceptive activities, the Defendants are entitled to recover damages in an amount to be determined at trial, but which the Defendants believe to exceed the sum of $1,000,000.00 (one million dollars).

### AS AND FOR A EIGHTH COUNTERCLAIM

### (For Declaratory Relief; Against All Plaintiffs)

38.     The Defendants repeat and re-allege the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a).

40.     Here, the Plaintiffs have asserted claims to, and exercised control over, the Defendant Konior's proprietary client lists as well as his personal AT&T phone number. The Plaintiffs have further asserted claims to, and exercised control over, the goodwill accorded to Defendant Konior with the investors (by representing Konior was Plaintiff Tedesco's partner in the Offering Memorandum and representing otherwise elsewhere) as well as the trade name Phoenix Capital Worldwide utilized by Defendants two full months prior to Plaintiffs' use. Consequently, there is a substantial controversy between Parties having adverse legal interests of sufficient immediacy and reality to warrant relief under 28 U.S.C. § 2201(a).

41.     Absent a declaration that the client lists, personal AT&T phone number and the referenced goodwill are the property of the Defendants, the Defendants face immediate irreparable injury.

## AS AND FOR A NINTH COUNTERCLAIM

### (Tortious Interference with Contractual Relations; Against All Plaintiffs)

42.     The Defendants repeat and reallege the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.     As set forth above, the Plaintiffs, for their own personal gain, and through improper and unlawful means, have caused certain third parties to invest funds with Plaintiffs by representing in writing that Defendant Konior was their "partner", only to disingenuously suggest otherwise once the investment capital was tendered.

44.     The Plaintiffs, for their own personal gain, and through improper and unlawful means, have retained certain proprietary client lists belonging to Defendant Konior and intercepted certain emailed communications to and from certain investors thereby interfering with Defendants ability to lawfully conduct business with such investors.

45.     The Defendants are entitled to recover damages in an amount to be determined at trial but which the Defendants reasonably believe to exceed the sum of $1,000,000.00 (one million dollars).

## AS AND FOR A TENTH COUNTERCLAIM

### (Unfair Competition; Against All Plaintiffs)

46.     The Plaintiffs re-allege the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.     To prevail on a claim for unfair competition under New York State law, Defendants must show Plaintiffs misappropriated the labors and expenditures of another

in bad faith, or that Plaintiffs have excluded the Defendant from the market in bad faith.

48.     In undertaking the foregoing activities, including but not limited to, advising Defendant Konior's proprietary clients in writing that Konior was a partner in Phoenix Capital Worldwide II LP and Phoenix Capital Worldwide Management II LLC in order to induce them to tender funds only to falsely represent Konior was not a partner elsewhere as well as in the editing of wiring instructions which diverted funds into Plaintiffs competing hedge fund, the Plaintiffs have unfairly exploited the Defendants property rights and/or commercial advantage and have thereby caused the Defendants to suffer damages.

49.     Accordingly, the Plaintiffs are liable to the Defendants in an amount to be determined at trial but which the Defendants reasonably believe to exceed the sum of $1,000,000.00 (one million dollars).

## AS AND FOR AN ELEVENTH COUNTERCLAIM

### (Imposition of Constructive Trust; Against All Plaintiffs)

50.     The Defendants re-allege the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51.     Each of the four elements required for a constructive trust - (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject *res* made in reliance on that promise; and (4) unjust enrichment – have been met in this case.

52.     By reason of the facts set forth above with the foregoing elements having been met on the basis of such facts, the Court should impose a constructive trust upon any and all amounts invested with and held by the Plaintiffs in operating under the name, Phoenix Capital Worldwide.

**WHEREFORE, the Defendants respectfully request that the Court enter judgment against Plaintiffs as follows:**

1. For damages, including exemplary damages where warranted, in an amount to be proven at trial based on profits, fees or commissions earned by the Plaintiffs through their misrepresentations and/or usurpation of the Defendants trade name and client lists, together with the Defendants' lost profits, fees and/or commissions;

2. For a permanent injunction forbidding Plaintiff's from engaging in any further false and deceptive practices and/or passing off their services as those of the Defendants';

3. For an Order requiring the surrender and return of Defendant Konior's proprietary client lists as well as personal AT&T phone number;

4. For an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and GBL §349; and

5. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38 (b), Defendants demand jury trial of all issues raised by the Plaintiffs' Complaint, the Answer and the Counterclaims.

Dated: 3 September 2008
       Brooklyn, New York

Michael Utilla, Esq.
26 Court Street, Suite 2810
Brooklyn, New York 11242
P:   (718) 852-8400
F:   (718) 629-1359

Lawrence R. Gelber, Esq.
Of Counsel
34 Plaza Street, Suite 1107
Brooklyn, New York
P:   (718) 638-2383
F:   (718) 857-9339

17

## AFFIRMATION and CERTIFICATE OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF KINGS     )

Michael Utilla, an attorney duly admitted to the courts of the State of New York, affirms and certifies that the following is true:

On Wednesday, September 03, 2008, I served a copy of the foregoing Answer and Counterclaims by regular mail upon:

Sam P. Israel, Esq.,
1 Liberty Plaza, 23rd Floor,
New York, New York 10006.

Counsel for the Plaintiffs

_____
Michael Utilla, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

JOSEPH TEDESCO, PHOENIX CAPITAL
WORLDWIDE II, L.P., AND PHOENIX             08 CV 5001 (PKC)
CAPITAL WORLDWIDE MANAGEMENT II, LLC,

           Plaintiff,                        **RULE 7.1 STATEMENT**

   -against-


JASON JOHN KONIOR, PHOENIX
CAPITAL WORLDWIDE, LP AND
PHOENIX CAPITAL WORLDWIDE
MANAGEMENT, LLC,

           Defendants.
------------------------------------------------------------------x

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Defendants PHOENIX CAPITAL WORLDWIDE, LP AND PHOENIX CAPITAL WORLDWIDE MANAGEMENT, LLC, (private non-governmental parties), certify that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held:   NONE

Dated: 3 September 2008
      Brooklyn, New York

                                        Michael Utilla, Esq.
                                        26 Court Street, Suite 2810
                                        Brooklyn, New York 11242
                                        P:    (718) 852-8400
                                        F:    (718) 629-1359

                                        Lawrence R. Gelber, Esq.
                                        Of Counsel
                                        34 Plaza Street, Suite 1107
                                        Brooklyn, New York
                                        P:    (718) 638-2383
                                        F:    (718) 857-9339

1